SHORT RECORD
NO. 24-1994
FILED 06/10/2024

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **EMILY ELIZABETH LAZAROU** | ) | |
| **and AAFAQUE AKHTER, individually and** | ) | |
| **on behalf of all others similarly situated** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **No. 1:19-cv-01614** |
| | ) | |
| **AMERICAN BOARD OF PSYCHIATRY** | ) | |
| **AND NEUROLOGY,** | ) | **Hon. Jeremy C. Daniel** |
| | ) | |
| **Defendant.** | ) | |

## NOTICE OF APPEAL

Plaintiffs Emily Elizabeth Lazarou and Aafaque Akhter, individually and on behalf of all others similarly situated, by counsel, appeal to the United States Court of Appeals for the Seventh Circuit from the Docket Entries of May 13, 2024 (Dkt. 108, 109): the Court's Memorandum Opinion and Order dismissing Plaintiffs' antitrust claims with prejudice, declining to exercise supplemental jurisdiction over Plaintiffs' unjust enrichment claim, and ordering this "Civil case terminated" (Dkt. 108); and the Judgment entered in favor of Defendant based on the Court's Memorandum Opinion and Order (Dkt. 109).

Respectfully submitted,

**Plaintiffs Emily Elizabeth Lazarou and Aafaque Akhter, individually and on behalf of all others similarly situated**

Dated: June 7, 2024        By: _____/s/ C. Philip Curley_____
                              One of Their Attorneys

C. Philip Curley
Robert L. Margolis
ROBINSON CURLEY P.C.
200 North LaSalle Street, Suite 1550
Chicago, IL 60601
Tel: (312) 663-3100
Fax: (312) 663-0303
pcurley@robinsoncurley.com
rmargolis@robinsoncurley.com

2

**<u>Certificate of Service</u>**

The undersigned attorney hereby certifies that on June 7, 2024, he caused

the foregoing **NOTICE OF APPEAL** to be filed with the Clerk of the Court for the Northern

District of Illinois, Eastern Division, using the Court's CM/ECF system, pursuant to which

notification of such filings has been made to all counsel of record.


<u>      /s/ Robert L. Margolis           </u>

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

EMILY ELIZABETH LAZAROU )
and AAFAQUE AKHTER, individually and )
on behalf of all others similarly situated )
                      )
        **Plaintiffs,** )
                      )
        **v.** )        **No. 1:19-cv-01614**
                      )
AMERICAN BOARD OF PSYCHIATRY )
AND NEUROLOGY, )        **Hon. Jeremy C. Daniel**
                      )
        **Defendant.** )

## DOCKETING STATEMENT

Plaintiffs Emily Elizabeth Lazarou and Aafaque Akhter, individually and on behalf of all others similarly situated, by counsel and pursuant to Rules 3(c) and 28(a) of the Circuit Rules of the United States Court of Appeals for the Seventh Circuit, submit the following Docketing Statement.

**1. Basis of District Court Jurisdiction.**

The District Court had subject matter jurisdiction under Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15 and 16, and 28 U.S.C. §§ 1331, 1337, and 1367.

**2. Basis of Appellate Court Jurisdiction.**

The Appellate Court has jurisdiction pursuant to 28 U.S.C. § 1291, as the appeal is from a final order dismissing all claims by the Plaintiffs against the only Defendant in the case. (Dkt. 108, Memorandum Opinion and Order, ordering "Civil case terminated"; Dkt. 109, Judgment in a Civil Case, entering judgment in favor of Defendant). The appeal is timely pursuant to Federal Rule of Appellate Procedure 4(a)(1)(A), as the Notice of Appeal was filed on June 7, 2024,

within 30 days of the Memorandum Opinion and Order and the Judgment in a Civil Case, both

entered May 13, 2024.

**3.   Claims and Parties that Remain for Disposition in the Trial Court.**

As noted above, this appeal is from a final judgment disposing of all parties' claims, and

no claims or parties remain for disposition in the District Court.

**4.   Prior or Related Appellate Proceedings.**

There have been no prior or related appellate proceedings in this case.

Respectfully submitted,

**Plaintiffs Emily Elizabeth Lazarou and Aafaque
Akhter, individually and on behalf of all others
similarly situated**

Dated: June 7, 2024                 By: _____/s/ C. Philip Curley_____
                                              One of Their Attorneys

C. Philip Curley
Robert L. Margolis
ROBINSON CURLEY P.C.
200 North LaSalle Street, Suite 1550
Chicago, IL 60601
Tel: (312) 663-3100
Fax: (312) 663-0303
pcurley@robinsoncurley.com
rmargolis@robinsoncurley.com

**<u>Certificate of Service</u>**

The undersigned attorney hereby certifies that on June 7, 2024, he caused

the foregoing **DOCKETING STATEMENT** to be filed with the Clerk of the Court for the

Northern District of Illinois, Eastern Division, using the Court's CM/ECF system, pursuant to

which notification of such filings has been made to all counsel of record.


<u>          /s/ Robert L. Margolis          </u>

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

EMILY ELIZABETH LAZAROU, and
AAFAQUE AKHTER,
      Plaintiffs

      v.

AMERICAN BOARD OF
PSYCHOLOGY AND NEUROLOGY,
      Defendant

No. 19 CV 1614

Judge Jeremy C. Daniel

## MEMORANDUM OPINION AND ORDER

The plaintiffs, licensed psychiatrists, filed a second amended class action complaint against the American Board of Psychology and Neurology (the "Board"), alleging that the Board violated federal antitrust statutes by unlawfully "tying" its maintenance of certification product to initial certification. (R. 94 ("SAC").) The Board now moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). (R. 96; R. 98.) Because the second amended complaint does not cure the deficiencies identified in the Court's previous Memorandum Opinion, the Court grants the motion and dismisses the plaintiffs' federal claims with prejudice.

## BACKGROUND

The Board and its certification products are described at length in this Court's previous Memorandum Opinion. *See Lazarou v. Am. Bd. of Psychiatry & Neurology*, No. 19 C 1614, 2023 WL 6461255 (N.D. Ill. Oct. 4, 2023). To recap, the Board has a nation-wide monopoly on psychiatric and neurological certifications which, although not required to practice medicine in any state, are advantageous for obtaining higher

compensation and better malpractice coverage. (SAC ¶¶ 3, 4, 38, 52–74.) Although the organization used to grant certifications for life, in or around 2006, it began to require Board-certified doctors or "diplomates" to purchase a program called "maintenance of certification" or "MOC" to preserve their certification status. (*Id.* ¶ 98.) If a certified psychiatrist or neurologist does not complete MOC's requirements, their certification will be revoked, thus depriving them of the associated advantages. (*Id.* ¶ 91, 98.)

As described in the second amended complaint, MOC consists of two components: "Activity Requirements" and an "Assessment." (*Id.* ¶¶ 100, 101.) To satisfy the Activity Requirements portion of MOC, participants must complete ninety continuing medical education or "CME" credits every three years. This requirement is further broken down into sixty-six "Category 1" CME credits and twenty-four "Category 2" CME credits. (*Id.* ¶ 100.) Category 1 and Category 2 are designations created by the American Medical Association ("AMA"), a third-party accrediting agency for CME products. (*Id.* ¶ 80.) Category 1 encompasses directed study activities, while Category 2 refers to self-assessment activities. (*Id.* ¶¶ 80–84.) MOC participants can earn Category 1 and Category 2 products by purchasing products from accredited CME vendors who have offered these products "for decades." (*Id.* ¶¶ 81, 100.) Participants can also obtain "direct credit" for unaccredited CME products by applying directly to the AMA. (*Id.* ¶ 82.)

The "Assessment" component of MOC requires participants to either complete an "Article-Based Pathway" assessment every three years or pass a "Recertification

Examination" every ten years. (*Id.* ¶ 101.) The Article-Based Pathway requires doctors to read medical journal articles and answer related multiple-choice questions. (*Id.* ¶ 102.) The Recertification Examination is a proctored, closed-book examination developed and administered by the Board. (*Id.* ¶ 103.) If a MOC participant successfully completes the Article-Based Pathway, then the Board waives sixteen of the twenty-four Category 2 CME self-assessment credits from the Activity Requirement. (*Id.* ¶ 105.) If a participant completes the Recertification Exam, the Board waives eight of the twenty-four self-assessment credits. (*Id.*)

Plaintiffs Emily Elizabeth Lazarou and Aafaque Akhter are licensed psychiatrists who claim that the Board's practice of requiring diplomates to purchase MOC to maintain their certification is unlawful. (*See id.* ¶¶ 152–57.) Lazarou's Board certification lapsed when she was unable to complete the Recertification Exam in 2017. (*Id.* ¶¶ 160–69.) Akhter remains certified, but complains about the additional "time, money, and effort" required to comply with MOC. (*Id.* ¶¶ 174–77.)

The plaintiffs contend that MOC is a separate product from initial certification and occupies the product market for CME products. CME products are sold to psychiatrist and neurologists after their residency training and specialist qualifications have been completed. (*Id.* ¶¶ 6–8, 92, 96.) They "promote individual, self-directed lifelong learning and the development of medical and non-medical competencies after residency . . . ." (*Id.* ¶ 76.) CME products are typically sold by third party vendors. (*Id.* ¶¶ 29, 75, 81, 100.) The plaintiffs allege that, "almost all states

3

require doctors to purchase a certain number of CME category 1 credits to maintain their licenses." (*Id.* ¶¶ 34, 83, 118.)

The plaintiffs claim that, by requiring diplomates to purchase MOC to preserve their certification status, the Board is using its monopoly power in the certification market to foreclose competition in the CME market. They allege that the arrangement is an unlawful tie that "thwarts competition in the CME market," "limits the choices of psychiatrists and neurologists in the CME market," and "prevents current and potential participants in the CME market from competing with [the Board] on a level playing field." (*Id.* ¶¶ 228–31.) Additionally, because several states now accept MOC in lieu of CME requirements for state licensure or allow Category 1 CME credits earned as part of MOC's Activity Requirement to satisfy state CME requirements, the plaintiffs claim that MOC reduces competition in the market for CME products used to maintain state licensure. (*Id.* ¶ 118–24, 196.)

The plaintiffs filed this putative class action lawsuit alleging violations of § 1 of the Sherman Antitrust Act. 15 U.S.C. § 1. (*See generally id.*) The Court dismissed the plaintiffs' previous complaints due to failure to plausibly allege cross-price elasticity between MOC and other CME products. (R. 60; R. 87.) The plaintiffs have now filed a second amended complaint, and the Board again moves to dismiss. (R. 96; R. 98.) Because the second amended complaint does not cure the deficiencies previously identified, the Court grants the Board's motion and dismisses the plaintiffs' antitrust claims with prejudice.

## LEGAL STANDARD

To state a claim, a complaint must contain a "short and plain statement . . . showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must give the defendant fair notice of what the claim is and the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).

A Rule 12(b)(6) motion challenges the sufficiency of the complaint. *Berger v. Nat'l Collegiate Athletic Ass'n*, 843 F.3d 285, 289–90 (7th Cir. 2016). When considering a motion to dismiss under Rule 12(b)(6), the Court must construe the complaint "in a light most favorable to the nonmoving party, accept well-pleaded facts as true, and draw all inferences in the non-moving party's favor." *Bell v. City of Chi.*, 835 F.3d 736, 738 (7th Cir. 2016). A party need not plead "detailed factual allegations," but "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must contain sufficient factual matter that when "accepted as true . . . 'state[s] a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Ensuring compliance with this standard is particularly important in the antitrust context to avoid 'the potentially enormous expense of antitrust discovery in cases with no reasonably founded hope' of success." *Siva v. Am. Bd. of Radiology,* 38 F.4th 569, 573 (7th Cir. 2022) (quoting *Twombly*, 550 U.S. at 579).

## ANALYSIS

"A tying arrangement" that violates § 1 of the Sherman Act "is 'an agreement by a party to sell one product but only on the condition that the buyer also purchases

a different (or tied) product.'" *Siva,* 38 F.4th at 573 (quoting *N. Pac. R. Co. v. United States,* 356 U.S. 1, 5 (1958)). To state a tying claim, the plaintiffs must allege: (1) the existence of an arrangement that involves "two separate products or services"; (2) that the defendant has "sufficient economic power" in the tying product market to restrain free competition in the tied product market; (3) that the tie affects "a not-insubstantial amount of interstate commerce in the tied product"; and (4) that the defendant has some economic interest in the sales of the tied product. *Id.* at 573.[1]

Although the Board does not dispute that certification and CME occupy distinct product markets, and that the Board has a monopoly in the certification market, it argues that MOC is not truly a CME product. (R. 99 at 5–12.) And without plausible allegations that MOC is a CME product, the plaintiffs' theory that MOC is a separate product from certification collapses. (*See id.*)

As before, the Seventh Circuit's decision in *Siva* is instructive. There, the Seventh Circuit affirmed dismissal of tying claims challenging the American Board of Radiology's maintenance of certification product. 38 F.4th at 581. Noting that "[a] savvy lawyer can describe any product as a tie of its components, and any tie as a single product," the Seventh Circuit emphasized the need to "look through labels to substance" to determine whether a plaintiff has adequately alleged separate products under § 1. *Id.* at 572, 575.

---

[1] As in the first amended complaint, the plaintiffs assert both a *per se* tying claim and a claim pursuant to the rule of reason. (SAC ¶¶ 185–246.) "Because *per se* and rule of reason tying claims must satisfy common elements, we consider them together." *Lazarou,* 2023 WL 6461255, at *4 (citing *Viamedia, Inc. v. Comcast Corp.,* 951 F.3d 429, 468 (7th Cir. 2020)).

Per *Siva*, to establish that MOC competes in the CME market, the plaintiffs must allege facts "making it plausible that MOC is a substitute for other [CME] products." *Id.* at 578 (citing *Reifert v. S. Cent. Wis. MLS Corp.*, 450 F.3d 312, 317 (7th Cir. 2006)). This is assessed "at the pre-contract rather than post-contract stage," *i.e.*, before the alleged tie is imposed. *Id.* at 574 (quoting *Viamedia*, 951 F.3d at 469). Because the inquiry assumes a "world without the tying agreement," the defendants cannot escape liability by arguing that MOC and certification are "essentially integrated," nor can the plaintiffs appeal to the potential revocation of their certification to bootstrap their claim. *Id.* at 577, 578. The question is whether MOC—stripped of any connection to certification—is "reasonably interchangeable" with CME products "in the minds of relevant consumers." *Id.* at 578 (quoting *Brown Shoe Co. v. United States*, 370 U.S. 294, 325 (1962)). In economic terms, this requires a plausible inference of "cross-price elasticity" or that, in a world without the tying agreement, an increase in the price of other CME products relative to MOC would shift sales to MOC. *Id.*

In *Siva*, the Seventh Circuit concluded that maintenance of certification was not a true substitute for other CME products because it imposed a "redundant obligation" on diplomates to purchase CME products from third parties. *Id.* The program was, in the Seventh Circuit's view, an empty vessel that contained none of the educational content characteristic of CME products. *Id.* ("The [] CME market is a market for educational content . . . but the MOC program contains no such content. MOC thus does not plausibly compete in the market for [] CME products.").

With that background in place, the Court now considers the tying claims at issue in this case. In their first amended complaint, the plaintiffs alleged that MOC required diplomates to take a closed book examination once every ten years and purchase a specified number of CME credits from an "approved product list." (R. 63 ¶¶ 186–90.) The plaintiffs alleged this framework placed "sellers of other [CME] products at a competitive disadvantage because psychiatrists and neurologists are discouraged from buying those products given the substantial economic cost of having their certifications revoked by [the Board]." (*Id.* ¶ 19.) The Court dismissed the plaintiffs' tying claims due to failure to allege separate products. *Lazarou*, 2023 WL 6461255, at *8. The Court noted that there were no allegations that the Board had an economic interest in the CME products on the approved products list. *Id.* at *6. The Court also observed the absence of allegations that any state required psychiatrists or neurologists to purchase MOC to fulfill these CME requirements for licensure. *Id.* at *5–6.

In the second amended complaint, the plaintiffs omit any reference to an "approved products list," and instead refer only to quotas of sixty-six Category 1 credits and twenty-four Category 2 CME credits that diplomates must complete every three years. Although up to sixteen of these the Category 2 credits may be waived by completing MOC's Assessment (*i.e.*, the Article-Based Pathway or the Recertification Exam), MOC still requires participants to complete a minimum of seventy-four CME credits every three years. The complaint does not draw any distinction between Category 1 CME products that are required for state licensure and those required to

8

satisfy MOC's Activity Requirement. (*See generally id.*) Finally, while the complaint alleges that diplomates can apply to receive direct credit for non-accredited CME products, it tells us "next to nothing" about "a standalone market for non-accredited [CME] products." *Siva*, 38 F.4th at 579.

Critically, as in the first amended complaint, there are no allegations indicating that the Board provides accredited CME products to satisfy MOC's Activity Requirement, selects the courses or activities that participants must enroll in to obtain these credits, or has any interest (financial or otherwise) in which CME products MOC participants purchase to fulfill the Activity Requirement. *See generally* SAC; R. 104 at 15.) Indeed, the complaint indicates that CME products are accredited by third party entities that have "no role in [the Board's] sales of certifications to psychologists and neurologists." (*Id.* ¶ 32; *see id.* ¶¶ 5, 6, 80–82.) As before, the Activity Requirement appears to be a "redundant obligation" to purchase CME products from third parties. *Siva*, 38 F.4th at 579; *see also* Phillip E. Areeda & Herbert Hovenkamp, *Antitrust Law: An Analysis of Antitrust Principles and Their Application* ¶ 1709e5 (4th ed. 2015) (Areeda & Hovenkamp) ("The tying seller who lacks an economic interest in the tied market can hardly gain incremental revenue or exploit its customers in any additional way when it takes nothing from the seller of the second product.").

Although MOC itself is not an accredited CME product, the plaintiffs allege that diplomates may apply for Category 1 direct earned through their participation in MOC and use this credit to satisfy CME requirements for state licensure. (SAC

¶¶ 176, 177.) Specifically, Plaintiff Akhter alleges that he applied for and received sixty hours of Category 1 direct credit "[a]fter passing the ten-year MOC [Recertification Examination]" in 2014, and then used this direct credit to partially satisfy his state licensure requirements. (*Id.*) These allegations distinguish the second amended complaint from both the first amended complaint, as well as the complaint in at issue in *Siva*. *See Siva*, 38 F.4th at 580 ("Radiologists cannot earn CME credits by completing the weekly [] tests or practice improvement projects.").

To the extent that the plaintiffs' tying theory relies on drawing a connection between the direct credit system and the market for accredited CME products, it runs into several issues. The first problem is the lack of clarity as to what aspect of the MOC program gives rise to direct credit. In Akhter's case, the complaint gives no indication of whether he earned direct credit by *studying* for the Recertification Examination, or from *taking* the exam itself. If it is the former, then the credits Akhter received would not necessarily be attributable to the MOC, but rather to the activities or materials he used to prepare. And there is no allegation that the Board provides, selects, or has any interest in self-study activities or materials. While the Court is bound to draw all inferences in the plaintiffs' favor, the lack of clarity on this point is at odds with both the factual specificity demanded by *Twombly* and Rule 8's demand for a "short and plain statement."

Assuming that Akhter received sixty hours of direct credit merely because he took the Recertification Examination, it still does not follow that MOC is a plausible substitute for accredited CME products. In the first place, to receive Category 1 CME

credit for unaccredited CME products like MOC, diplomates must do the extra legwork of applying for credit from the AMA. Even if this process were costless, there is no indication that this direct credit can be used to satisfy MOC's *own* Activity Requirement. Indeed, Akhter, alleges he received "60 *additional* hours of Category 1 credits" from the AMA that were "over and above the credits he had already earned from his purchases of CME as part of MOC 'Activity Requirements.'" (SAC ¶ 177.) The plaintiffs further describe the CME credits obtained through the direct credit process as "additional" credits or "bonus points" "separate from whatever CME credits [diplomates] may earn directly from other CME providers as part of MOC." (SAC ¶¶ 118, 177); (R. 104 at 13); *see Heng v. Heavner, Beyers & Mihlar, LLC*, 849 F.3d 348, 354 (7th Cir. 2017) (providing that courts may consider elaborations of allegations in a plaintiff's response brief in deciding a motion to dismiss so long as they are "consistent with the pleadings.").[2]

Absent allegations that direct credit earned through MOC can be applied to satisfy MOC's own Activity Requirement as well as state licensure requirements, MOC is clearly a poor substitute for other accredited CME products. No psychiatrist looking to earn sixty hours of Category 1 CME credit would choose MOC over other accredited CME products, because—even if the diplomate successfully obtained sixty

---

[2] The possibility that diplomates can use direct credit obtained through a MOC assessment to satisfy the Activity Requirement also seems inconsistent with the structure of MOC that the complaint describes. Indeed, if diplomates could satisfy sixty credits of the Activity Requirement simply by completing a MOC Assessment and applying for direct credit from the AMA, what would be the purpose of requiring 90 CME credits for a given three-year period as opposed to a lower number? The fact that the Board already waives Category 2 credits for diplomates who complete the Assessment further supports the conclusion that diplomates cannot engage in "double-dipping" by applying direct credit earned through MOC toward the Activity Requirement.

hours of direct credit from the AMA—MOC would impose an additional obligation to obtain *ninety* CME credits from other providers. Although some of these credits would be waived if the diplomate completing the Assessment portion of MOC, the number of additional credits needed would still exceed the sixty hours of direct credit that Akhter alleges he obtained. On such facts, MOC would be simply creating a redundant (and excessive) obligation to obtain CME products. *Siva*, 38 F.4th at 579.

Even if plaintiffs could apply direct credit earned through MOC towards satisfying both state licensure requirements *and* MOC's own Activity Requirement (a fact that is alleged nowhere in the complaint), the sixty hours of direct credit earned would be insufficient to satisfy the ninety-credit Activity Requirement. In other words, MOC would still require diplomates to purchase additional CME products from third party vendors. Without allegations comparing the number of additional CME credits needed to satisfy MOC to the baseline requirement for state licensure, the Court cannot infer that the number of additional CME credits required by MOC would be less than the number of CME credits that a licensee would need to purchase in the absence of MOC (thus rendering MOC a plausible substitute). In Akhter's case, the complaint contains no factual detail about the number of CME credits required for state licensure in *any* state where he is licensed, thus precluding the inference described above. (*See generally* SAC.)

Finally, the Recertification Examination for which Akhter allegedly obtained direct credit is offered once every ten years. (*Id.* ¶ 101.) Even if Akhter could apply the direct credit to satisfy both the Activity Requirement and state licensure

requirements in a given three-year period, he would still need to purchase ninety credits worth of CME products in the subsequent three-year periods to maintain his certification. In the long run, this means that MOC is an implausible substitute for accredited CME products and poses no risk of completely "foreclosing competition in the market for [] CME products." *Siva*, 38 F.4th at 579; *see also Sheridan v. Marathon Petroleum Co. LLC*, 530 F.3d 590, 592 (7th Cir. 2008) (describing the "[t]he traditional antitrust concern" with tying agreements as the risk that the tie will create "a second monopoly" in the tied product market).

In sum, while it is possible to imagine circumstances in which the acceptance of direct credit could lead to customers substituting MOC for accredited CME products, such a theory relies on a daisy-chain of assumptions that the second amended complaint does not spell out in the sufficient detail. *See Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). The complaint does not indicate what portion of MOC gives rise to "direct credit," whether direct credit can be applied to MOC's own Activity Requirement (in addition to state licensure requirements), or whether the acceptance of direct credit to satisfy state licensure requirements would, in a particular case, lead to diplomates purchasing less accredited CME products than they otherwise would. The plaintiffs' failure to plead sufficient detail on these points might be forgiven if this was their first or second attempt. But the plaintiffs have had multiple chances and have failed to do so in over 250 paragraphs of allegations.

Relatedly, the second amended complaint emphasizes that some states accept CME credits earned through MOC's Activity Requirement in complete or partial satisfaction of CME credit quotas required to maintain licensure. (SAC ¶¶ 118--24, 199(g); R. 104 at 17–19.) Again, while these allegations distinguish this case from *Siva*, they do not move the needle as to the sufficiency of the plaintiffs' tying claims. As in the first amended complaint, there are no allegations that any state *requires* MOC to maintain state licensure. Nor are there allegations that the Board places any limits on what Category 1 CME products diplomates can choose to satisfy MOC's Activity Requirement.

Without allegations that the Board sells, limits, or selects which CME credits that the plaintiffs must obtain as part of MOC, the fact that diplomates may use Category 1 credits obtained through MOC's Activity Requirement to satisfy state licensure requirements says nothing about whether a consumer would plausibly substitute MOC for other CME products in the first instance. This is because—as in *Siva*—MOC consists primarily of an obligation to purchase accredited CME content from third parties. The fact that doctors may earn CME Category 1 direct credit through the Assessment portion of MOC "and then apply those credits towards their state requirements," does not change this analysis, since, as indicated above, the number of additional CME credits required by MOC would exceed the number of direct credits diplomates may receive through this process. (SAC ¶ 120.)

That said, it is possible to imagine a scenario in which a state's acceptance of MOC as a total substitute for CME requirements *might* have anticompetitive effects

14

on the market for CME products. Suppose, for example, that a state required psychiatrists to obtain 120 CME credits every three years to maintain their license, but accepted MOC, which requires only ninety CME credits, in lieu of this 120-credit requirement. A psychiatrist who selected MOC to fulfill their state CME requirements would be purchasing thirty less CME credits than they otherwise would. Such a framework might harm competition by privileging MOC over other CME vendors in the eyes of consumers and reducing the overall demand for CME products. Put a different way, an increase in the price of CME products would shift sales to MOC, since MOC would require less CME credits to satisfy the same licensure requirements.

To the extent that the plaintiffs are asserting such a theory, it is insufficiently pled. The only states that allegedly accept MOC in total satisfaction of CME credit requirements for licensure are Idaho, Minnesota, Oregon, New Hampshire, and West Virginia. (SAC ¶ 119.) The complaint also alleges that California, Kentucky, and Michigan accept "passing a MOC examination [as] as substitute for some or all of the State's CME requirements." (*Id.* ¶ 121.) Importantly, the complaint contains no detail about the number of CME credits that these states require for licensure, thus precluding an inference that the acceptance of MOC harms competition in the manner described above. (*See id.*)

More fundamentally, neither of the plaintiffs are licensed in any of the states listed above, and therefore lack standing to assert claims based solely on these

product markets.[3] *See Viamedia*, 951 F.3d at 482 ("The general rule is that customers and competitors *in the affected market* have antitrust standing.") (emphasis added); *see also Lazarou*, 2023 WL 6461255, at *5 ("The First Amended Complaint does not allege that MOC would satisfy Plaintiffs' continuing education requirements for practicing as licensed psychiatrists *in their respective states*.") (emphasis added); *see also Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012) ("When a requirement goes to subject-matter jurisdiction, courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented.").

Considering only the states in which the plaintiffs are licensed, their allegations are insufficient to state a claim. For example, Plaintiff Lazarou alleges that she is licensed in Illinois, which "requires doctors to purchase 60 hours of CME Category 1 credits every three years." (SAC ¶ 83.) The complaint does not allege that Illinois accepts Category 1 CME credits earned in connection with MOC to satisfy this requirement. (*See generally id.*) Nor is there a plausible explanation why—in a world where MOC is not tied to certification—doctors in Illinois would substitute MOC, which requires participants to purchase ninety CME credits, to satisfy Illinois' baseline requirement of sixty CME credits.

---

[3] Lazarou is licensed in Florida, Texas, Mississippi, and Illinois (SAC ¶ 157), and Akhter is licensed in Connecticut, Florida, Hawaii, Massachusetts, and New York. (*Id.* ¶ 172.) While the plaintiffs allege that the market for CME products is nationwide, (SAC ¶ 75), the Court is not bound to accept conclusory allegations regarding product market definition. *See, e.g.*, *House of Brides, Inc. v. Alfred Angelo, Inc.*, No. 11 C 7834, 2014 WL 6845862, at *4 (N.D. Ill. Dec. 4, 2014). To the extent that the plaintiffs' tying theory is based on state licensure requirements, it is appropriate to consider standing on a state-by-state basis, as the plaintiffs are not "consumers" of accredited CME products required for licensure in states where they are not licensed. *Viamedia*, 951 F.3d at 482.

Similarly, Plaintiff Akhter alleges that he is licensed in Massachusetts, which "require[s] a specified number of CME Category 1 credits" for licensure and allows licensees to "apply [MOC] credits toward State CME Category 1 requirements." (SAC ¶ 120.) As with other states, the complaint does not state how many credits are required for licensure in Massachusetts or how MOC credits are counted relative to this baseline requirement. (*See generally id.*) Without such factual detail, the Court cannot infer that Massachusetts' policy of accepting MOC credits reduces competition in the CME product market. *Twombly*, 550 U.S. at 555.[4]

Finally, the plaintiffs allege that, via the Interstate Medical Licensure Compact, doctors licensed in states that accept MOC in lieu of compliance with CME requirements can apply to practice medicine in other states regardless of what those other states' CME credit requirements might be. (SAC ¶¶ 123–24.) Because this theory relies on the inference that substituting MOC's CME requirements for those required by state licensing entities is anticompetitive, and because there are insufficient facts upon which to conclude that the acceptance of MOC restricts competition for CME products in any state, these allegations do not render the plaintiffs' tying claims any more plausible.

The upshot is that the plaintiffs have once again failed to plead sufficient facts to suggest that MOC is a CME product, or that there is a "distinct product market in which it is efficient to offer MOC separately from certification." *Siva*, 38 F.4th at 581

---

[4] The complaint alleges no facts about any of the remainder of the states in which the plaintiffs are licensed, thus precluding an inference that the acceptance of MOC harms competition in these states. (*See generally* SAC.)

(quoting *Jefferson Parish Hosp. Dist. No. 2 v. Hyde*, 466 U.S. 2, 21–22 (1984)). Like the MOC program in *Siva*, the MOC program described in the second amended complaint is primarily a requirement that participants to obtain educational content rather than a vehicle for providing that content. Even if MOC has *some* educational content by virtue of its Assessment component, the amount of this content, when considered in light of the program's other requirements, is not enough to plausibly render MOC a substitute for CME products. This point is underscored by surveys cited in the complaint indicating that as many as 75% of surveyed physicians agreed that MOC had "no significant value . . . beyond what is already achieved from continuing medical education." (SAC ¶ 142); *see also* Areeda & Hovenkamp ¶ 1750a ("The second item [in an alleged tying scheme] is a 'phantom product' when no buyer of the first item would want the second because it adds no value to the first.").

The Court "does not doubt the sincerity of [the plaintiffs'] frustrations with the MOC program." *Siva* 38 F.4th at 580. On the plaintiffs' view, MOC disadvantages working physicians by forcing them to pay fees that they otherwise would not have incurred, or by taking valuable time away from patient care. (*See* SAC ¶¶ 136, 142, 176.) These concerns, however legitimate, are not antitrust harms. *Siva*, 38 F.4th at 580 (quoting *Jefferson Parish Hosp. Dist. No. 2 v. Hyde*, 466 U.S. 2, 16 (1984) ("[W]hen a purchaser is 'forced' to buy a product he would not have otherwise bought even from another seller in the tied product market, there can be no adverse impact on competition because no portion of the market which would otherwise have been available to other sellers has been foreclosed."). Whether MOC is a sound policy of

18

accrediting physicians is a separate question from whether it restricts competition in the CME product market.[5] Since the second amended complaint does not plausibly allege the latter, the plaintiffs' tying claims fail.

Since the plaintiffs have once again failed to plead separate products under *Siva*, the Court grants the Board's motion to dismiss and does not reach the parties' other arguments. A district court is not required to grant leave to amend "when a plaintiff has had multiple opportunities to state a claim upon which relief may be granted." *Agnew v. Nat'l Collegiate Athletic Ass'n*, 683 F.3d 328, 347 (7th Cir. 2012). Accordingly, the dismissal is with prejudice. *Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818–19 (7th Cir. 2013) ("[I]n court, as in baseball, three strikes and you're out"). The Court declines to exercise supplemental jurisdiction over the plaintiffs' state law unjust enrichment claim. *See Thomas v. City of Chi.*, No. 20 C 4323, 2021 WL 1923406, at *4 (N.D. Ill. May 13, 2021) (citing 28 U.S.C. § 1367(c)(3)).

---

[5] Similarly, the plaintiffs' allegations concerning the Board's increased revenue from MOC (*See* SAC ¶¶ 145–47) are irrelevant. *See Verizon Commc'ns Inc. v. Law Offices of Curtis V. Trinko, LLP*, 540 U.S. 398, 407 (2004) ("The mere possession of monopoly power, and the concomitant charging of monopoly prices, is not only not unlawful; it is an important element of the free-market system").

## CONCLUSION

For the reasons stated in this Memorandum Opinion and Order, the defendant's motion to dismiss [96, 98] is granted and the plaintiffs' antitrust claims are dismissed with prejudice. The Court declines to exercise supplemental jurisdiction over the plaintiffs' unjust enrichment claim. 28 U.S.C. § 1367(c)(3). Civil case terminated.

Date: May 13, 2024

_____
JEREMY C. DANIEL
United States District Judge

ILND 450 (Rev. 4/29/2016) Judgment in a Civil Action

Case: 1:19-cv-01614 Document #: 113 Filed: 06/10/24 Page 7 of 22 PageID #:1352
Case: 24-1994    Document: 1-1    Filed: 06/10/2024    Pages: 42

# IN THE UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN DISTRICT OF ILLINOIS

Emily Elizabeth Lazarou et al,

Plaintiff(s),

v.

American Board of Psychiatry and Neurology,

Defendant(s).

Case No.  1:19-cv-01614
Judge Jeremy C. Daniel

## JUDGMENT IN A CIVIL CASE

Judgment is hereby entered (check appropriate box):

☐    in favor of plaintiff(s)

which ☐ includes        pre–judgment interest.
☐ does not include pre–judgment interest.

Post-judgment interest accrues on that amount at the rate provided by law from the date of this judgment.

Plaintiff(s) shall recover costs from defendant(s).

---

☒    in favor of defendant
and against plaintiff(s) Emily Elizabeth Lazarou et al

Defendant(s) shall recover costs from plaintiff(s)

---

☐    other:

---

This action was *(check one)*:

☐ tried by a jury with Judge        presiding, and the jury has rendered a verdict.
☐ tried by Judge        without a jury and the above decision was reached.
☒ decided by Judge Jeremy C. Daniel on 5/13/2024 on Defendants' motion to Dismiss [96,98].

Date:  5/13/2024

Thomas G. Bruton, Clerk of Court
A.J. Squillante, Deputy Clerk

APPEAL,MIDP,ROWLAND,TERMED

# United States District Court
# Northern District of Illinois - CM/ECF NextGen 1.7.1.1 (Chicago)
# CIVIL DOCKET FOR CASE #: 1:19-cv-01614
# Internal Use Only

Lazarou et al v. American Board of Psychiatry and Neurology
Assigned to: Honorable Jeremy C. Daniel
Cause: 15:15 Antitrust Litigation

Date Filed: 03/06/2019
Date Terminated: 05/13/2024
Jury Demand: Both
Nature of Suit: 410 Anti-Trust
Jurisdiction: Federal Question

**Plaintiff**

**Emily Elizabeth Lazarou**                represented by    **Benjamin E Schwab**
Foley & Lardner LLP
321 North Clark Street
Suite 3000
60654-4762, Suite 3000
Chicago, IL 60654
312-832-4360
Email: bschwab@foley.com
*TERMINATED: 01/08/2021*

**Cynthia H. Hyndman**
Robinson Curley P.C.
200 N. LaSalle St.
Suite 1550
Chicago, IL 60601
312-663-3100
Email: chyndman@robinsoncurley.com
*ATTORNEY TO BE NOTICED*

**Katrina Carroll**
Lynch Carpenter LLP
111 West Washington Street
Suite 1240
Chicago, IL 60602
(312) 750-1265
Email: katrina@lcllp.com
*ATTORNEY TO BE NOTICED*

**Laura R. Feldman**
The Prinz Law Firm, P.C.
1 E. Wacker Drive
Suite 1800
Chicago, IL 60601
312-530-9762

Email: lfeldman@prinz-lawfirm.com
*TERMINATED: 05/10/2021*

**Robert Lawrence Margolis**
Robinson Curley P.C.
200 N. LaSalle
Suite 1550
Chicago, IL 60601
(312) 663-3100
Email: rmargolis@robinsoncurley.com
*ATTORNEY TO BE NOTICED*

**C. Philip Curley**
Robinson Curley P.C.
200 N. LaSalle St.
Suite 1550
Chicago, IL 60601
312-663-3100
Email: pcurley@robinsoncurley.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Aafaque Akhter**        represented by **Benjamin E Schwab**
(See above for address)
*TERMINATED: 01/08/2021*

**Cynthia H. Hyndman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Katrina Carroll**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Laura R. Feldman**
(See above for address)
*TERMINATED: 05/10/2021*

**Robert Lawrence Margolis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**C. Philip Curley**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

| American Board of Psychiatry and Neurology | represented by | **Christopher B. Sullivan**<br>Mitchell Barlow & Mansfield, P.C.<br>9 Exchange Place<br>Suite 600<br>Salt Lake City, UT 84111<br>801-998-8888<br>Email: csullivan@mbmlawyers.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Anne I-Pin Shaw**<br>Shaw Legal Services, Ltd.<br>540 W. Briar Place, Suite B<br>Chicago, IL 60657<br>(773)549-9500<br>Email: ashaw@shawattorneys.com<br>*ATTORNEY TO BE NOTICED*<br><br>**Darryl Tom**<br>Shaw Legal Services, Ltd.<br>540 W. Briar Place, Unit B<br>Chicago, IL 60657<br>(773) 549-9500<br>Email: darryl.tom@gmail.com<br>*ATTORNEY TO BE NOTICED* |

| Date Filed | # | Select all / clear | Docket Text |
|---|---|---|---|
| 03/06/2019 | 1 | ☐ 210.3 KB | COMPLAINT filed by Emily Elizabeth Lazarou, Aafaque Akhter; Jury Demand. Filing fee $ 400, receipt number 0752-15562449.(Curley, C.) (Entered: 03/06/2019) |
| 03/06/2019 | 2 | ☐ 197.9 KB | CIVIL Cover Sheet (Curley, C.) (Entered: 03/06/2019) |
| 03/06/2019 | 3 | ☐ 92.7 KB | ATTORNEY Appearance for Plaintiffs Aafaque Akhter, Emily Elizabeth Lazarou by C. Philip Curley (Curley, C.) (Entered: 03/06/2019) |
| 03/06/2019 | 4 | ☐ 92.9 KB | ATTORNEY Appearance for Plaintiffs Aafaque Akhter, Emily Elizabeth Lazarou by Cynthia H. Hyndman (Hyndman, Cynthia) (Entered: 03/06/2019) |
| 03/06/2019 | 5 | ☐ 92.8 KB | ATTORNEY Appearance for Plaintiffs Aafaque Akhter, Emily Elizabeth Lazarou by Laura R. Feldman (Feldman, Laura) (Entered: 03/06/2019) |
| 03/06/2019 | 6 | ☐ 92.7 KB | ATTORNEY Appearance for Plaintiffs Aafaque Akhter, Emily Elizabeth Lazarou by Benjamin E. Schwab (Schwab, Benjamin) (Entered: 03/06/2019) |
| 03/06/2019 | | | CASE ASSIGNED to the Honorable John Z. Lee. Designated as Magistrate Judge the Honorable Mary M. Rowland. Case assignment: Random assignment. (jn, ) (Entered: 03/06/2019) |

| 03/07/2019 | 7 | ☐ 60.7 KB | ATTORNEY Appearance for Plaintiffs Aafaque Akhter, Emily Elizabeth Lazarou by Katrina Carroll (Carroll, Katrina) (Entered: 03/07/2019) |
|---|---|---|---|
| 03/07/2019 | | | SUMMONS Issued as to Defendant American Board of Psychiatry and Neurology (mc, ) (Entered: 03/07/2019) |
| 03/07/2019 | 8 | ☐ 5.5 KB | NOTICE TO THE PARTIES - The Court is participating in the Mandatory Initial Discovery Pilot (MIDP). The key features and deadlines are set forth in this Notice which includes a link to the (MIDP) Standing Order and a Checklist for use by the parties. In cases subject to the pilot, all parties must respond to the mandatory initial discovery requests set forth in the Standing Order before initiating any further discovery in this case. Please note: The discovery obligations in the Standing Order supersede the disclosures required by Rule 26(a)(1). Any party seeking affirmative relief must serve a copy of the following documents (Notice of Mandatory Initial Discovery and the Standing Order) on each new party when the Complaint, Counterclaim, Crossclaim, or Third-Party Complaint is served. (lf, ) (Entered: 03/07/2019) |
| 03/11/2019 | 9 | ☐ 518.7 KB | WAIVER OF SERVICE returned executed by Emily Elizabeth Lazarou, Aafaque Akhter. American Board of Psychiatry and Neurology waiver sent on 3/8/2019, answer due 5/7/2019. (Curley, C.) (Entered: 03/11/2019) |
| 03/11/2019 | 10 | ☐ 5.4 KB | MINUTE entry before the Honorable John Z. Lee: Initial status hearing set for 5/9/19 at 9:00 a.m. Judge Lee participates in the Mandatory Initial Discovery Pilot Project ("Project"). The Project applies to all cases filed on or after June 1, 2017, excluding the following: (1) cases exempted by Rule 26(a)(1)(B), (2) actions brought by a person in the custody of the United States, a state, or a state subdivision, regardless of whether an attorney is recruited, (3) actions under the Private Securities Litigation Reform Act, (4) patent cases governed by the Local Patent Rules, and (5) cases transferred for consolidated administration in the District by the Judicial Panel on Multidistrict Litigation ("Exempt Cases").For all cases to which the Project applies, Judge Lee requires (1) each attorney appearing on behalf of Plaintiff(s) to file a "Certification by Attorney Regarding Discovery Obligations Under Mandatory Initial Discovery Pilot Project" form within 28 days after the filing of the Complaint and (2) each attorney appearing on behalf of Defendant(s) to file the certification form with the Answer. The parties are directed to file a joint initial status report four business days prior to the initial status hearing. The certification form and initial status report requirements are set forth in Judge Lee's standing order regarding the "Mandatory Initial Discovery Pilot Project" available on the Courts website. For all Exempt Cases, the parties are directed to file a joint initial status report four business days prior to the initial status hearing in accordance with the standing order governing "Initial Status Report in Cases Exempt from the Mandatory Initial Discovery Pilot Project" also available on the Court's website. Mailed notice (ca, ) (Entered: 03/11/2019) |

| 03/20/2019 | 11 | ☐ 334.7 KB | ATTORNEY Appearance for Defendant American Board of Psychiatry and Neurology by Christopher B. Sullivan (Sullivan, Christopher) (Entered: 03/20/2019) |
|---|---|---|---|
| 04/03/2019 | 12 | ☐ 172.6 KB | Certification by Attorney Regarding Discovery Obligations under Mandatory Initial Discovery Pilot Project by Aafaque Akhter, Emily Elizabeth Lazarou *for C. Philip Curley* (Curley, C.) (Entered: 04/03/2019) |
| 04/03/2019 | 13 | ☐ 172.8 KB | Certification by Attorney Regarding Discovery Obligations under Mandatory Initial Discovery Pilot Project by Aafaque Akhter, Emily Elizabeth Lazarou *for Cynthia H. Hyndman* (Hyndman, Cynthia) (Entered: 04/03/2019) |
| 04/03/2019 | 14 | ☐ 173.0 KB | Certification by Attorney Regarding Discovery Obligations under Mandatory Initial Discovery Pilot Project by Aafaque Akhter, Emily Elizabeth Lazarou *for Laura R. Feldman* (Feldman, Laura) (Entered: 04/03/2019) |
| 04/03/2019 | 15 | ☐ 173.7 KB | Certification by Attorney Regarding Discovery Obligations under Mandatory Initial Discovery Pilot Project by Aafaque Akhter, Emily Elizabeth Lazarou *for Benjamin E. Schwab* (Schwab, Benjamin) (Entered: 04/03/2019) |
| 04/03/2019 | 16 | ☐ 182.5 KB | Certification by Attorney Regarding Discovery Obligations Under Mandatory Initial Discovery Pilot Project by Aafaque Akhter, Emily Elizabeth Lazarou (Carroll, Katrina) (Entered: 04/03/2019) |
| 04/03/2019 | 17 | ☐ 17.1 MB | CONSOLIDATED REPLY BRIEF IN SUPPORT OF MOTION OF PLAINTIFFS STEVE MANNIS, M.D., TONIANNE FRENCH, M.D., AND LOUIS LIM, M.D., TO TRANSFER RELATED ACTIONS TO THE SOUTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. § 1407 FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS (tt, ) (Additional attachment(s) added on 4/3/2019: # 1 Proof Of Service) (tt, ). (Entered: 04/03/2019) |
| 04/05/2019 | 18 | ☐ 1.6 MB | Copy of Document from JPML: PLAINTIFFS GERARD KENNEY, ALEXA JOSHUA, GLEN DELA CRUZ MANALO, KATHERINE MURRAY LEISURE, SADHISH K. SIVA, EMILY ELIZABETH LAZAROU, AND AAFAQUE AKHTERS RESPONSE IN OPPOSITION TO MOTION OF STEVE MANNIS, M.D., TONIANNE FRENCH, M.D., AND LOUIS LIM, M.D. FOR CONSOLIDATION AND TRANSFER UNDER 28 U.S.C. § 1407 by Aafaque Akhter, Emily Elizabeth Lazarou (Curley, C.) (Entered: 04/05/2019) |
| 04/09/2019 | 19 | ☐ 60.7 KB | ATTORNEY Appearance for Defendant American Board of Psychiatry and Neurology by Darryl Tom (Tom, Darryl) (Entered: 04/09/2019) |
| 04/09/2019 | 20 | ☐ 48.7 KB | ATTORNEY Appearance for Defendant American Board of Psychiatry and Neurology by Anne I-Pin Shaw (Shaw, Anne) (Entered: 04/09/2019) |
| 04/22/2019 | 21 | ☐ 4.3 KB | MINUTE entry before the Honorable John Z. Lee:The initial status hearing set for 5/9/19 is reset to 5/22/19 at 9:15 a.m.The parties are directed to file a joint initial status report four business days prior to the initial status hearing.Mailed notice (ca, ) (Entered: 04/22/2019) |

| 05/10/2019 | 22 | ☐ 128.3 KB | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendant American Board of Psychiatry and Neurology (Sullivan, Christopher) (Entered: 05/10/2019) |
| 05/10/2019 | 23 | ☐ 313.3 KB | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendant American Board of Psychiatry and Neurology (Sullivan, Christopher) (Entered: 05/10/2019) |
| 05/10/2019 | 24 | ☐ 1.2 MB | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendant American Board of Psychiatry and Neurology (Attachments: # 1 Declaration of Andrea Pearson, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F)(Sullivan, Christopher) (Entered: 05/10/2019) |
| 05/10/2019 | 25 | ☐ 44.8 KB | NOTICE of Motion by Christopher B. Sullivan for presentment of Motion to Dismiss for Failure to State a Claim, 24 , Motion to Dismiss for Failure to State a Claim 22 , Motion to Dismiss for Failure to State a Claim 23 before Honorable John Z. Lee on 5/22/2019 at 09:00 AM. (Sullivan, Christopher) (Entered: 05/10/2019) |
| 05/10/2019 | 26 | ☐ 100.7 KB | Corporate Disclosure Statement by American Board of Psychiatry and Neurology (Sullivan, Christopher) (Entered: 05/10/2019) |
| 05/10/2019 | 27 | ☐ 186.1 KB | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number 0752-15813835. (Sullivan, Christopher) (Entered: 05/10/2019) |
| 05/13/2019 | 28 | ☐ 4.3 KB | MINUTE entry before the Honorable John Z. Lee:Plaintiff's response to Defendant's motion to dismiss 22 24 shall be due by 6/7/19; reply due by 6/21/19. No appearance is required on the motion.Mailed notice (ca, ) (Entered: 05/13/2019) |
| 05/13/2019 | 29 | ☐ 4.3 KB | MINUTE entry before the Honorable John Z. Lee:Motion to appear pro hac vice by Ronald Price 27 is granted.Mailed notice (ca, ) (Entered: 05/13/2019) |
| 05/14/2019 | 🔒 | | (Court only) ***Motions terminated: MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendant American Board of Psychiatry and Neurology 23 (ca, ). (Entered: 05/14/2019) |
| 05/15/2019 | 30 | ☐ 325.1 KB | ATTORNEY Appearance for Defendant American Board of Psychiatry and Neurology by Christopher B. Sullivan (Sullivan, Christopher) (Entered: 05/15/2019) |
| 05/16/2019 | 31 | ☐ 184.8 KB | Rule 26(f) Report for Mandatory Initial Discovery Pilot (MIDP) , filed by Plaintiffs Aafaque Akhter, Emily Elizabeth Lazarou. (Curley, C.) (Entered: 05/16/2019) |
| 05/21/2019 | 32 | ☐ 4.3 KB | MINUTE entry before the Honorable John Z. Lee:The status hearing set for 5/22/19 is reset to 8/22/19 at 9:00 a.m.Mailed notice (ca, ) (Entered: 05/21/2019) |
| 06/07/2019 | 33 | ☐ 185.9 KB | NOTICE by Katrina Carroll of Change of Address *(Notice of Change of Firm Affiliation)* (Carroll, Katrina) (Entered: 06/07/2019) |
| 06/07/2019 | 34 | ☐ 439.2 KB | MOTION by Plaintiffs Aafaque Akhter, Emily Elizabeth Lazarou for leave to file excess pages *of Plaintiffs' Response Brief in Opposition to* |

| | | | *Defendant's Motion to Dismiss Plaintiffs' Class Action Complaint* (Attachments: # 1 Exhibit 1 - Plaintiffs' Opposition Brief)(Curley, C.) (Entered: 06/07/2019) |
|---|---|---|---|
| 06/07/2019 | 35 | ☐ 121.7 KB | NOTICE of Motion by C. Philip Curley for presentment of motion for leave to file excess pages, 34 before Honorable John Z. Lee on 6/18/2019 at 09:00 AM. (Curley, C.) (Entered: 06/07/2019) |
| 06/07/2019 | 36 | ☐ 194.2 KB | RESPONSE by Aafaque Akhter, Emily Elizabeth Lazarouin Opposition to MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendant American Board of Psychiatry and Neurology 24 *Plaintiffs' Opposition to Defendant's Motion Requesting Judicial Notice of NBPAS's Website* (Curley, C.) (Entered: 06/07/2019) |
| 06/17/2019 | 37 | ☐ 4.3 KB | MINUTE entry before the Honorable John Z. Lee:Motion for leave to file excess pages 34 is granted. No appearance is required on the motion.Mailed notice (ca, ) (Entered: 06/17/2019) |
| 06/17/2019 | 38 | ☐ 334.2 KB | RESPONSE by Aafaque Akhter, Emily Elizabeth Lazarouin Opposition to MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendant American Board of Psychiatry and Neurology 22 (Curley, C.) (Entered: 06/17/2019) |
| 06/21/2019 | 39 | ☐ 293.0 KB | REPLY by American Board of Psychiatry and Neurology to MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendant American Board of Psychiatry and Neurology 22 , MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendant American Board of Psychiatry and Neurology 23 , response in opposition to motion 38 (Sullivan, Christopher) (Entered: 06/21/2019) |
| 06/21/2019 | 40 | ☐ 137.4 KB | REPLY by American Board of Psychiatry and Neurology to response in opposition to motion, 36 , MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendant American Board of Psychiatry and Neurology 24 (Sullivan, Christopher) (Entered: 06/21/2019) |
| 08/21/2019 | 41 | ☐ 4.3 KB | MINUTE entry before the Honorable John Z. Lee:The status hearing set for 8/22/19 is reset to 10/22/19 at 9:00 a.m.Mailed notice (ca, ) (Entered: 08/21/2019) |
| 08/23/2019 | 42 | ☐ 6.0 MB | EXECUTIVE COMMITTEE ORDER: GENERAL ORDER 19-0025 Pursuant that to the Executive Committee Order entered on August 9, 2019 the civil cases on the attached list have been selected for reassignment to form the initial calendar of the Honorable Martha M. Pacold; therefore IT IS HEREBY ORDERED that the attached list of 342 cases be reassigned to the Honorable Martha M. Pacold; and IT IS FURTHER ORDERED that all parties affected by this Order must review the Honorable Martha M. Pacolds webpage on the Courts website for the purpose of reviewing instructions regarding scheduling and case management procedures; and IT IS FURTHER ORDERED that any civil case that has been reassigned pursuant to this Order will not be randomly reassigned to create the initial calendar of a new district judge for twelve months from the date of this Order; and IT IS FURTHER ORDERED that the Clerk of Court is directed to add the Honorable Martha M. Pacold to the Courts civil case assignment system during the next business day, so |

| | | | |
|---|---|---|---|
| | | | that she shall receive a full share of such cases; and IT IS FURTHER ORDERED that the Clerk of Court is directed to add the Honorable Martha M. Pacold to the Courts criminal case assignment system thirty days from the entry of this Order so that she shall receive a full share of such cases. Case reassigned to the Honorable Martha M. Pacold for all further proceedings. Honorable John Z. Lee no longer assigned to the case. Signed by Honorable Rebecca R. Pallmeyer on 8/23/2019.(tg, ) (Entered: 08/23/2019) |
| 08/26/2019 | 43 | ☐ 4.3 KB | MINUTE entry before the Honorable John Z. Lee:This case has been reassigned, the status hearing set for 10/22/19 is stricken.Mailed notice (ca, ) (Entered: 08/26/2019) |
| 09/27/2019 | 44 | ☐ 367.2 KB | NOTICE by American Board of Psychiatry and Neurology re MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendant American Board of Psychiatry and Neurology 22 (Attachments: # 1 Exhibit A - Memorandum, # 2 Exhibit B - Order)(Sullivan, Christopher) (Entered: 09/27/2019) |
| 10/30/2019 | 45 | ☐ 55.6 KB | MINUTE entry before the Honorable Martha M. Pacold:The parties are directed to file a joint status report by 11/12/2019. The Court will hold a status hearing in open court on 11/20/2019 at 9:30 a.m. (Attachments: # 1 Reassignment Status Report) (rao, ) (Entered: 10/30/2019) |
| 11/11/2019 | 46 | ☐ 331.8 KB | STATUS Report - *Joint* by Aafaque Akhter, Emily Elizabeth Lazarou (Attachments: # 1 Exhibit A)(Curley, C.) (Entered: 11/11/2019) |
| 11/20/2019 | 47 | ☐ 4.4 KB | MINUTE entry before the Honorable Martha M. Pacold:Status hearing held on 11/20/2019. Plaintiffs' supplemental brief to the pending motions to dismiss 22 , 24 is due by 12/11/2019. Defendants' supplemental reply brief is due by 12/20/2019. Both briefs are limited to five pages each. Status hearing and potential ruling on the motions is set for 3/19/2020 at 9:45 a.m. (rao, ) (Entered: 11/20/2019) |
| 12/11/2019 | 48 | ☐ 237.5 KB | RESPONSE by Aafaque Akhter, Emily Elizabeth Lazarouin Opposition to MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendant American Board of Psychiatry and Neurology 22 *Supplemental Brief In Opposition* (Attachments: # 1 Exhibit 1)(Curley, C.) (Entered: 12/11/2019) |
| 12/20/2019 | 49 | ☐ 1.5 MB | REPLY by Defendant American Board of Psychiatry and Neurology to Motion to Dismiss for Failure to State a Claim, 24 , Motion to Dismiss for Failure to State a Claim 22 (Attachments: # 1 Exhibit 1 - Kenney v American Board of Internal Medicine Complaint, # 2 Exhibit 2 - Siva v American Board of Radiology Complaint, # 3 Exhibit 3 - Lazarou v American Board of Psychiatry and Neurology Complaint, # 4 Exhibit 4 - Siva Memorandum Opinion and Order, # 5 Exhibit 5 - Kenney Memorandum Opinion and Order)(Sullivan, Christopher) (Entered: 12/20/2019) |
| 03/12/2020 | 50 | ☐ 740.9 KB | NOTICE by Aafaque Akhter, Emily Elizabeth Lazarou *of Supplemental Authority* (Attachments: # 1 Exhibit A)(Hyndman, Cynthia) (Entered: 03/12/2020) |

| 03/16/2020 | 51 | ☐ 4.3 KB | MINUTE entry before the Honorable Martha M. Pacold:In order to reduce the number of in-court appearances, the status hearing set for 3/19/2020 is stricken. The Court will rule by mail on Defendants' motions to dismiss 22 , 24 . (rao, ) (Entered: 03/16/2020) |
| --- | --- | --- | --- |
| 03/16/2020 | 52 | ☐ 372.1 KB | ORDER Amended General Order 20-0012 IN RE: CORONAVIRUS COVID-19 PUBLIC EMERGENCY Signed by the Chief Judge Rebecca R. Pallmeyer on March 16, 2020. All open cases are impacted by this Amended General Order. See attached Order for guidance.Signed by the Honorable Rebecca R. Pallmeyer on 3/16/2020: Mailed notice. (td, ) (Entered: 03/17/2020) |
| 03/30/2020 | 53 | ☐ 49.5 KB | ORDER Seconded Amended General Order 20-0012 IN RE: CORONAVIRUS COVID-19 PUBLIC EMERGENCY Signed by the Chief Judge Rebecca R. Pallmeyer on March 30, 2020. All open cases are impacted by this Second Amended General Order. Amended General Order 20-0012, entered on March 17, 2020, and General Order 20-0014, entered on March 20, 2020, are vacated and superseded by this Second Amended General. See attached Order for guidance.Signed by the Honorable Rebecca R. Pallmeyer on 3/30/2020: Mailed notice. (docket12, ) (Entered: 03/31/2020) |
| 04/24/2020 | 54 | ☐ 50.2 KB | ORDER Third Amended General Order 20-0012 IN RE: CORONAVIRUS COVID-19 PUBLIC EMERGENCY Signed by the Chief Judge Rebecca R. Pallmeyer on April 24, 2020. All open cases are impacted by this Third Amended General Order. Parties are must carefully review all obligations under this Order, including the requirement listed in paragraph number 5 to file a joint written status report in most civil cases. See attached Order. Signed by the Honorable Rebecca R. Pallmeyer on 4/24/2020: Mailed notice. (docket4, ) (Entered: 04/27/2020) |
| 05/14/2020 | 55 | ☐ 77.9 KB | Joint Written Status Report by American Board of Psychiatry and Neurology (Sullivan, Christopher) (Entered: 05/14/2020) |
| 05/26/2020 | 56 | ☐ 39.3 KB | ORDER ORDER Fourth Amended General Order 20-0012 IN RE: CORONAVIRUS COVID-19 PUBLIC EMERGENCY Signed by the Chief Judge Rebecca R. Pallmeyer on May 26, 2020. This Order does not extend or modify any deadlines set in civil cases. For non-emergency motions, no motion may be noticed for presentment on a date earlier than July 15, 2020. See attached Order. Signed by the Honorable Rebecca R. Pallmeyer on 5/26/2020: Mailed notice. (docket5, ) (Entered: 05/26/2020) |
| 07/10/2020 | 57 | ☐ 44.4 KB | ORDER Fifth Amended General Order 20-0012 IN RE: CORONAVIRUS COVID-19 PUBLIC EMERGENCY Signed by the Chief Judge Rebecca R. Pallmeyer on July 10, 2020. This Order does not extend or modify any deadlines set in civil cases. No motions may be noticed for in-person presentment; the presiding judge will notify parties of the need, if any, for a hearing by electronic means or in-court proceeding. See attached Order. Signed by the Honorable Rebecca R. Pallmeyer on 7/10/2020: Mailed notice. (Clerk4, Docket) (Entered: 07/10/2020) |

| 09/10/2020 | 58 / 323.4 KB | ☐ | NOTICE by Christopher B. Sullivan of Change of Address *of Christopher B. Sullivan* (Sullivan, Christopher) (Entered: 09/10/2020) |
|---|---|---|---|
| 09/11/2020 | 59 / 4.4 KB | ☐ | MINUTE entry before the Honorable Martha M. Pacold: Defendant's motion requesting judicial notice 24 is denied. Defendant's motion to dismiss Plaintiffs' class action complaint 22 is granted. Plaintiffs' claims of unlawful tying under Section 1, monopolization under Section 2, and unjust enrichment are dismissed without prejudice to Plaintiffs' filing an amended complaint by 10/26/2020. (rao, ) (Entered: 09/13/2020) |
| 09/11/2020 | 60 / 189.8 KB | ☐ | MEMORANDUM OPINION AND ORDER Signed by the Honorable Martha M. Pacold on 9/11/2020:(rao, ) (Main Document 60 replaced on 9/14/2020) (rao, ). (Entered: 09/13/2020) |
| 10/12/2020 | 61 / 131.0 KB | ☐ | MOTION by Plaintiffs Aafaque Akhter, Emily Elizabeth Lazarou for extension of time *to File Amended Complaint-Unopposed* (Curley, C.) (Entered: 10/12/2020) |
| 10/21/2020 | 62 / 4.3 KB | ☐ | MINUTE entry before the Honorable Martha M. Pacold:Plaintiffs' unopposed motion to extend time to file amended complaint 61 is granted. Plaintiffs are given until 11/23/2020 to file the amended complaint. (rao, ) (Entered: 10/21/2020) |
| 11/23/2020 | 63 / 319.4 KB | ☐ | *First* AMENDED complaint by Emily Elizabeth Lazarou, Aafaque Akhter against American Board of Psychiatry and Neurology (Curley, C.) (Entered: 11/23/2020) |
| 11/27/2020 | 64 / 123.5 KB | ☐ | MOTION by Defendant American Board of Psychiatry and Neurology for extension of time to file answer (Tom, Darryl) (Entered: 11/27/2020) |
| 11/30/2020 | 65 / 4.4 KB | ☐ | MINUTE entry before the Honorable Martha M. Pacold:Defendant's unopposed motion for extension of time to answer or otherwise plead to Plaintiffs' First Amended Complaint at law 64 is granted. Defendant to answer or otherwise plead to the first amended complaint by 1/21/2021. The parties are directed to file a joint status report for the case going forward by 1/29/2021. (rao, ) (Entered: 11/30/2020) |
| 01/07/2021 | 66 / 72.7 KB | ☐ | MOTION by Attorney Benjamin E. Schwab to withdraw as attorney for Aafaque Akhter, Emily Elizabeth Lazarou. No party information provided (Schwab, Benjamin) (Entered: 01/07/2021) |
| 01/08/2021 | 67 / 4.3 KB | ☐ | MINUTE entry before the Honorable Martha M. Pacold: Benjamin E. Schwab's motion to withdraw his appearance as counsel of record for Plaintiffs, Emily Elizabeth Lazarou and Aafaque Akhter 66 is granted. Attorney Benjamin E. Schwab terminated. (rao, ) (Entered: 01/08/2021) |
| 01/21/2021 | 68 / 90.7 KB | ☐ | MOTION by Defendant American Board of Psychiatry and Neurology to dismiss *Plaintiffs' First Amended Class Action Complaint* (Sullivan, Christopher) (Entered: 01/21/2021) |
| 01/21/2021 | 69 / 215.9 KB | ☐ | Brief by American Board of Psychiatry and Neurology *in Support of Its Motion to Dismiss Plaintiffs' First Amended Class Action Complaint* (Sullivan, Christopher) (Entered: 01/21/2021) |

| | | | |
|---|---|---|---|
| 01/25/2021 | 70 | ☐ 4.3 KB | MINUTE entry before the Honorable Martha M. Pacold: The court has received defendant's motion to dismiss 68 . Pursuant to the parties' proposed briefing schedule, plaintiffs shall file a response by 3/22/2021; defendant shall file a reply by 4/19/2021. (rao, ) (Entered: 01/25/2021) |
| 01/29/2021 | 71 | ☐ 4.4 KB | MINUTE entry before the Honorable Martha M. Pacold:In light of the fact that a briefing schedule was entered on January 25, 2021 70 , the portion of this court's November 30, 2020 minute entry 65 requiring the parties to file a joint status report by 1/29/2021 is stricken. (rao, ) (Entered: 01/29/2021) |
| 03/22/2021 | 72 | ☐ 583.7 KB | MOTION by Plaintiffs Aafaque Akhter, Emily Elizabeth Lazarou for leave to file excess pages (Attachments: # 1 Exhibit Ex. 1 - Plaintiffs' Opposition to American Board of Psychiatry and Neurology's Motion to Dismiss)(Curley, C.) (Entered: 03/22/2021) |
| 03/23/2021 | 73 | ☐ 4.3 KB | MINUTE entry before the Honorable Martha M. Pacold: Plaintiffs' unopposed motion for leave to file oversized brief 72 is granted. Plaintiffs are directed to file the brief separately on the docket. (rao, ) (Entered: 03/23/2021) |
| 03/23/2021 | 74 | ☐ 90.7 KB | ATTORNEY Appearance for Plaintiffs Aafaque Akhter, Emily Elizabeth Lazarou by Robert Lawrence Margolis (Margolis, Robert) (Entered: 03/23/2021) |
| 03/23/2021 | 75 | ☐ 462.4 KB | MEMORANDUM by Aafaque Akhter, Emily Elizabeth Lazarou in Opposition to motion to dismiss 68 (Curley, C.) (Entered: 03/23/2021) |
| 04/19/2021 | 76 | ☐ 209.9 KB | REPLY by Defendant American Board of Psychiatry and Neurology to memorandum in opposition to motion 75 *in Support of its Motion to Dismiss Plaintiffs' First Amended Class Action Complaint* (Sullivan, Christopher) (Entered: 04/19/2021) |
| 05/07/2021 | 77 | ☐ 72.8 KB | MOTION by Attorney Laura R. Feldman to withdraw as attorney for Aafaque Akhter, Emily Elizabeth Lazarou. No party information provided (Feldman, Laura) (Entered: 05/07/2021) |
| 05/10/2021 | 78 | ☐ 4.3 KB | MINUTE entry before the Honorable Martha M. Pacold: Motion to withdraw the appearance of Laura R. Feldman on behalf of plaintiffs 77 is granted. Attorney Laura R. Feldman terminated. (rao, ) (Entered: 05/10/2021) |
| 07/11/2022 | 79 | ☐ 68.0 KB | NOTICE by C. Philip Curley of Change of Address (Curley, C.) (Entered: 07/11/2022) |
| 07/12/2022 | 80 | ☐ 141.4 KB | NOTICE by Cynthia H. Hyndman of Change of Address (Hyndman, Cynthia) (Entered: 07/12/2022) |
| 07/12/2022 | 81 | ☐ 134.9 KB | NOTICE by Robert Lawrence Margolis of Change of Address (Margolis, Robert) (Entered: 07/12/2022) |
| 12/29/2022 | 82 | ☐ 84.1 KB | ANNUAL REMINDER: Pursuant to Local Rule 3.2 (Notification of Affiliates), any nongovernmental party, other than an individual or sole proprietorship, must file a statement identifying all its affiliates known to the party after diligent review or, if the party has identified no affiliates, then a statement reflecting that fact must be filed. An affiliate is defined |

| | | | |
|---|---|---|---|
| | | | as follows: any entity or individual owning, directly or indirectly (through ownership of one or more other entities), 5% or more of a party. The statement is to be electronically filed as a PDF in conjunction with entering the affiliates in CM/ECF as prompted. As a reminder to counsel, parties must supplement their statements of affiliates within thirty (30) days of any change in the information previously reported. This minute order is being issued to all counsel of record to remind counsel of their obligation to provide updated information as to additional affiliates if such updating is necessary. If counsel has any questions regarding this process, this LINK will provide additional information. Signed by the Executive Committee on 12/29/2022: Mailed notice. (tg, ) (Entered: 12/30/2022) |
| 02/17/2023 | 83 | ☐ 4.4 KB | MINUTE entry before the Honorable Martha M. Pacold: Each party is directed to file a supplemental brief of no more than 10 pages addressing any effect of Siva v. American Board of Radiology, 38 F.4th 569 (7th Cir. 2022) on this case. The briefs should be filed by 4:00 p.m. on 4/5/2023. (rao, ) (Entered: 02/17/2023) |
| 04/05/2023 | 84 | ☐ 862.6 KB | MEMORANDUM *Supplemental Brief of Defendant in Support of its Motion to Dismiss Plaintiff's First Amended Complaint* (Attachments: # 1 Exhibit Exhibit 1)(Tom, Darryl) (Entered: 04/05/2023) |
| 04/05/2023 | 85 | ☐ 237.9 KB | MEMORANDUM by Aafaque Akhter, Emily Elizabeth Lazarou *Plaintiffs' Supplemental Brief Addressing Siva v. American Board of Radiology and in Opposition to Motion to Dismiss First Amended Class Action Complaint* (Curley, C.) (Entered: 04/05/2023) |
| 06/27/2023 | 86 | ☐ 800.7 KB | EXECUTIVE COMMITTEE ORDER: GENERAL ORDER 23-0024: IT APPEARING THAT, the civil cases on the attached list have been selected for reassignment to form the initial calendar of the Honorable Jeremy C. Daniel; therefore IT IS HEREBY ORDERED that the attached list of 282 cases be reassigned to the Honorable Jeremy C. Daniel; and IT IS FURTHER ORDERED that all parties affected by this Order must review the Honorable Jeremy C. Daniel's webpage on the Court's website for the purpose of reviewing instructions regarding scheduling and case management procedures; and IT IS FURTHER ORDERED that any civil case that has been reassigned pursuant to this Order will not be randomly reassigned to create the initial calendar of a new district judge for twelve months from the date of this Order; and IT IS FURTHER ORDERED that the Clerk of Court is directed to add the Honorable Jeremy C. Daniel to the Court's civil case assignment system during the next business day, so that he shall receive a full share of such cases; and IT IS FURTHER ORDERED that the Clerk of Court is directed to add the Honorable Jeremy C. Daniel to the Court's criminal case assignment system twelve (12) months so that Judge Daniel shall thereafter receive a full share of such cases. Case reassigned to the Honorable Jeremy C. Daniel for all further proceedings. Honorable Martha M. Pacold no longer assigned to the case. Signed by Honorable Rebecca R. Pallmeyer on 6/27/2023.(tg, ) (Entered: 06/27/2023) |
| 10/04/2023 | 87 | ☐ 187.7 KB | MEMORANDUM Opinion and Order. Defendant ABPN's motion to dismiss, R. 68 , is granted. Plaintiff's First Amended Complaint, R. 63 , is |

| | | | dismissed without prejudice. Plaintiffs may file an amended complaint by November 3, 2023. Signed by the Honorable Jeremy C. Daniel on 10/4/2023. Mailed notice(vcf, ) (Entered: 10/04/2023) |
|---|---|---|---|
| 10/17/2023 | 88 | ☐ 175.3 KB | MOTION by Plaintiffs Aafaque Akhter, Emily Elizabeth Lazarou for extension of time to file *Second Amended Complaint (Unopposed)* <br><br> (Curley, C.) (Entered: 10/17/2023) |
| 10/17/2023 | 89 | ☐ 158.1 KB | NOTICE of Motion by C. Philip Curley for presentment of motion for extension of time to file 88 before Honorable Jeremy C. Daniel on 10/19/2023 at 09:30 AM. (Curley, C.) (Entered: 10/17/2023) |
| 10/18/2023 | 90 | ☐ 4.4 KB | MINUTE entry before the Honorable Jeremy C. Daniel: The plaintiffs' unopposed motion for an extension of time 88 is granted. The plaintiffs must file their second amended complaint on or before December 4, 2023. The defendant must answer or otherwise plead on or before January 29, 2024. Motion hearing set for October 19, 2023 is stricken. Mailed notice (vcf, ) (Entered: 10/18/2023) |
| 11/27/2023 | 91 | ☐ 134.7 KB | MOTION by Plaintiffs Aafaque Akhter, Emily Elizabeth Lazarou for extension of time to file *Second Amended Complaint (Unopposed)* <br><br> (Curley, C.) (Entered: 11/27/2023) |
| 11/27/2023 | 92 | ☐ 116.7 KB | NOTICE of Motion by C. Philip Curley for presentment of motion for extension of time to file 91 before Honorable Jeremy C. Daniel on 11/30/2023 at 09:30 AM. (Curley, C.) (Entered: 11/27/2023) |
| 11/28/2023 | 93 | ☐ 4.4 KB | MINUTE entry before the Honorable Jeremy C. Daniel: The plaintiffs' unopposed motion for an extension of time 91 is granted. The plaintiffs must file their second amended complaint on or before December 15, 2023. The defendant must answer the second amended complaint on or before February 9, 2024. Mailed notice (vcf, ) (Entered: 11/28/2023) |
| 12/15/2023 | 94 | ☐ 455.2 KB | *SECOND* AMENDED complaint by Emily Elizabeth Lazarou, Aafaque Akhter against American Board of Psychiatry and Neurology (Curley, C.) (Entered: 12/15/2023) |
| 12/28/2023 | 95 | ☐ 101.4 KB | ANNUAL REMINDER: Pursuant to Local Rule 3.2 (Notification of Affiliates), any nongovernmental party, other than an individual or sole proprietorship, must file a statement identifying all its affiliates known to the party after diligent review or, if the party has identified no affiliates, then a statement reflecting that fact must be filed. An affiliate is defined as follows: any entity or individual owning, directly or indirectly (through ownership of one or more other entities), 5% or more of a party. The statement is to be electronically filed as a PDF in conjunction with entering the affiliates in CM/ECF as prompted. As a reminder to counsel, parties must supplement their statements of affiliates within thirty (30) days of any change in the information previously reported. This minute order is being issued to all counsel of record to remind counsel of their obligation to provide updated information as to additional affiliates if such updating is necessary. If counsel has any questions regarding this process, this LINK will provide additional information. Signed by the Executive Committee on 12/28/2023: Mailed notice. (tg, ) (Entered: |

| | | | 12/28/2023) |
|---|---|---|---|
| 02/09/2024 | 96 <br> 125.1 KB | ☐ | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendant American Board of Psychiatry and Neurology *Plaintiffs' Second Amended Class Action Complaint* <br><br> (Tom, Darryl) (Entered: 02/09/2024) |
| 02/09/2024 | 97 <br> 489.6 KB | ☐ | MEMORANDUM by American Board of Psychiatry and Neurology in support of Motion to Dismiss for Failure to State a Claim 96 (Attachments: # 1 Exhibit Exhibit 1)(Tom, Darryl) (Entered: 02/09/2024) |
| 02/09/2024 | 98 <br> 125.1 KB | ☐ | Amended MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendant American Board of Psychiatry and Neurology *Plaintiffs' Second Amended Class Action Complaint* <br><br> (Tom, Darryl) (Entered: 02/09/2024) |
| 02/09/2024 | 99 <br> 489.6 KB | ☐ | MEMORANDUM by American Board of Psychiatry and Neurology in support of Motion to Dismiss for Failure to State a Claim 98 (Attachments: # 1 Exhibit Exhibit 1)(Tom, Darryl) (Entered: 02/09/2024) |
| 02/12/2024 | 100 <br> 4.4 KB | ☐ | MINUTE entry before the Honorable Jeremy C. Daniel: Defendant's amended motion to dismiss 98 is entered and briefed as follows: plaintiffs' response is due on or before 3/15/2024; reply due on or before 4/12/2024. Status hearing set for 5/14/2024 at 9:30 a.m. Mailed notice (vcf, ) (Entered: 02/12/2024) |
| 03/11/2024 | 101 <br> 134.8 KB | ☐ | MOTION by Plaintiffs Aafaque Akhter, Emily Elizabeth Lazarou for leave to file excess pages *Pursuant to Local Rule 7.1 (Unopposed)* <br><br> (Curley, C.) (Entered: 03/11/2024) |
| 03/11/2024 | 102 <br> 117.1 KB | ☐ | NOTICE of Motion by C. Philip Curley for presentment of motion for leave to file excess pages 101 before Honorable Jeremy C. Daniel on 3/13/2024 at 09:30 AM. (Curley, C.) (Entered: 03/11/2024) |
| 03/12/2024 | 103 <br> 4.3 KB | ☐ | MINUTE entry before the Honorable Jeremy C. Daniel: The plaintiffs' motion for leave to file excess pages 101 is granted. The plaintiffs' response shall not exceed 25 pages. The motion hearing set for 3/13/2024 is stricken. Mailed notice (vcf, ) (Entered: 03/12/2024) |
| 03/15/2024 | 104 <br> 494.0 KB | ☐ | RESPONSE by Aafaque Akhter, Emily Elizabeth Lazarouin Opposition to Amended MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendant American Board of Psychiatry and Neurology *Plaintiffs' Second Amended Class Action Complaint* <br><br> 98 (Curley, C.) (Entered: 03/15/2024) |
| 03/21/2024 | 105 <br> 4.3 KB | ☐ | MINUTE entry before the Honorable Jeremy C. Daniel: The status hearing set for 5/14/2024 is reset to 5/15/2024 at 9:30 a.m. Mailed notice (vcf, ) (Entered: 03/21/2024) |
| 04/12/2024 | 106 <br> 322.3 KB | ☐ | RESPONSE by American Board of Psychiatry and Neurologyin Support of Amended MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendant American Board of Psychiatry and Neurology |

| | | | |
|---|---|---|---|
| | | | *Plaintiffs' Second Amended Class Action Complaint* [98](#) (Tom, Darryl) (Entered: 04/12/2024) |
| 04/22/2024 | [107](#) | ☐ 4.8 KB | MINUTE entry before the Honorable Jeremy C. Daniel: The status hearing set for 5/15/2024 at 9:30 a.m., will be held by phone. Attorneys/Parties should appear for the hearing by calling the Toll-Free Number: 888-363-4734, Access Code: 9251349. Throughout the telephonic hearing, each speaker will be expected to identify themselves for the record before speaking. Please note that the conference call-in will be used by all cases that are on the court's calendar for the said date, therefore counsel must be in a quiet area while on the line and must have the telephone muted until your case is called. Members of the public and media will be able to call in to listen to this hearing (use toll free number). Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting court proceedings. Violation of these prohibitions may result in sanctions, including removal of court-issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Mailed notice (vcf, ) (Entered: 04/22/2024) |
| 05/13/2024 | [108](#) | ☐ 172.2 KB | MEMORANDUM Opinion and Order signed by the Honorable Jeremy C. Daniel on 5/13/2024: The defendant's motion to dismiss [ [96](#) , [98](#) ] is granted and the plaintiffs' antitrust claims are dismissed with prejudice. The Court declines to exercise supplemental jurisdiction over the plaintiffs' unjust enrichment claim. 28 U.S.C. § 1367(c)(3). Civil case terminated. Mailed notice.(as, ) Modified on 5/13/2024 (as, ). (Entered: 05/13/2024) |
| 05/13/2024 | [109](#) | ☐ 244.1 KB | ENTERED JUDGMENT. Mailed notice. (as, ) (Entered: 05/13/2024) |
| 06/07/2024 | [110](#) | ☐ 123.5 KB | NOTICE of appeal by Aafaque Akhter, Emily Elizabeth Lazarou regarding orders [109](#) Filing fee $ 605, receipt number AILNDC-22116619. Receipt number: n (Curley, C.) (Entered: 06/07/2024) |
| 06/07/2024 | [111](#) | ☐ 147.1 KB | DOCKETING Statement by Aafaque Akhter, Emily Elizabeth Lazarou regarding notice of appeal [110](#) (Curley, C.) (Entered: 06/07/2024) |
| 06/10/2024 | [112](#) | ☐ 115.0 KB | NOTICE of Appeal Due letter sent to counsel of record regarding notice of appeal [110](#) . (jh, ) (Entered: 06/10/2024) |

View Selected     Total filesize of selected documents (MB): `0`

or

Download Selected     Maximum filesize allowed: 30 MB